UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2010 JUL 27 P 2: 02

-------------------------------------------------------------------------

Chana Hecht

**CLASS ACTION
COMPLAINT**

Plaintiff,

-against-

3 1 0 C V 1 1 7 2   RNC

Titanium Solutions, Inc.,
David Kinyon, and William Raveis, Inc.

Defendants.

-------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff also seeks damages arising from the Defendants' violation of Conn. Gen. Stat. § 42-110a, *et seq.*, the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), which proscribes unfair or deceptive acts or practices in the conduct of any trade or commerce.

### Introduction

1.      This action seeks redress for the illegal practices of Defendants, concerning the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and CUTPA, Conn. Gen. Stat. § 42-110a, *et seq*.

1

**Jurisdiction and Venue**

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331 and supplemental

jurisdiction under 28 U.S.C. § 1367 for the CUTPA claim. The claims arise from the same set of

facts and transactions.

3.     Venue is proper in this District because the acts and transactions that give rise to this

action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

4.     Plaintiff is a resident of the State of Connecticut and resides in Fairfield County.

5.     Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA

in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

6.     Upon information and belief, Defendants are engaged in the practice of debt collection

within the state of Connecticut inasmuch as they attempted to collect a debt from Chana Hecht,

and upon information and belief, that they have attempted to do the same from others within the

state of Connecticut.

7.     Defendants are regularly engaged in the collection of debts allegedly owed by consumers

and in fact used the mail in an attempt to collect debts.

8.     Defendants are thus "Debt Collector" as defined by § 1692(a)(6) of the FDCPA.

9.     Defendants violated §§ 1692g and 1692e through their written and oral communications.

10.    Plaintiff received direct communications from Defendants, in the form of an initial

written notice, dated December 1, 2009.  Said correspondence was received both by regular mail

as well as in-hand delivery. Exhibits A and B.

11.    The Defendant, David Kinyon, did hand deliver the letter together with his business card

indicating that he worked for Titanium Solutions, Inc.  Exhibits B and C. Mr. Kinyon failed at

that time to indicate to Ms. Hecht that this was an attempt to collect a debt.  On the contrary, Mr.

Kinyon indicated that he was not engaged in an attempt to collect the debt.  The statement of Mr. Kinyon was consistent with the letter itself which noted that Titanium Solutions is not involved in collecting any of the amounts due under your loan. However, the addendum attached to the letter mailed by Titanium, Exhibit A, page 2, acknowledges that this communication is in fact an attempt to collect a debt.

12.     Titanium Solutions is a debt collector and was in fact engaged in an attempt to collect a debt.  Titanium Solutions hired, upon information and belief, William Raveis Real Estate as well as David Kinyon to collect the debt which they were assigned by Bank of America to collect from Chana Hecht.  The letter of Titanium Solutions which was sent both by the mail as well as hand delivered by Mr. Kinyon requested extensive documentation from Ms. Hecht in a way that was deceptive. The letter indicated that Titanium was not engaged in the collection of debt, and further indicated that Titanium's' role was to assist the debtor in resolving its issues with the servicer, Bank of America.  Said letter violates the FDCPA both for its false content as well as its failure to properly give a 30 day notice to the consumer.

13.     The 30 day notice is overshadowed by the various language contained within the letter.  The letter contained an addendum which contained the 30 day notice which is required as well as a notice required by §1692e(11).  The letter violated the FDCPA by failing to indicate who the creditor was.  The letter simply referred to Bank of America as a servicer of the loan.  Further, although the 30 day notice was contained within the addendum, it was preceded by a statement that with respect to communications with Titanium you **may** (emphasis added on the word may) have certain rights discussed below in bold type.  Said qualification implies that the consumer may not have such rights.  The 30 day notice is supposed to be an unequivocal statement of the rights of the consumer.  This equivocation is made the worse when one

considers the totality of the letter in which foreclosure is presented as a fate accompli together with repossession of one's home.

14.     Further, the business card by Mr. Kinyon indicated that Titanium Solutions had a local presence within Connecticut when in fact Titanium has no such presence and is located in Salt Lake City, Utah.  Titanium Solutions did not have the ability to decide whether or not foreclosure would take place, did not have the ability to instigate any legal remedies as is suggested by the letter and, further, failed to indicate that Mr. Kinyon and the defendant, William Raveis, were independent debt collectors and, in fact, together with Titanium the defendant, David Kinyon, and Defendant, William Raveis, failed to give a proper 30 day notice, letting the consumer know that they were independent debt collectors and that in order to dispute the debt Ms. Hecht had the right both to dispute the debt with Mr. Kinyon as well as with William Raveis and that upon her written dispute to William Raveis and to Mr. Kinyon, collection activity by those individuals would be required to cease.


## CLASS ACTION ALLEGATIONS


15.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the Defendants as of one year prior to the filing of Plaintiff's complaint until the present, which overshadowed the "30 day notice" required by § 1692g by the language objected to above and which falsely implied that foreclosure and repossession were both imminent as well as implied that foreclosure and repossession were fate accompli.  Additionally, the letter fails to properly give the name of the creditor.  Specifically, it fails to indicate who the creditor is.  Excluded from

the Class are the Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

16.    This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

17.    The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices from the Defendants, which violate various provisions of the FDCPA.

18.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §  §1692g and 1692e,

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct and,

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

19. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

20. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

21. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

22. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

23. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

25. Upon information and belief, the collection letter is a form letter sent by Defendants to the Plaintiff.

26. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27. Section 1692e of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

28. Section 1692g requires the debt collector to give what is commonly referred to as a 30-day notice within five days of its communication with the consumer.

29. Defendants violated § 1692g, by overshadowing the 30 day notice that was given within the letter.  The Defendants, William Raveis and David Kinyon, violated 1692g by failing to give a 30 day notice which indicated that they were engaged in an attempt to collect a debt and failing to indicate that they were subject to the 30 day notice in accordance with 1692g.  Specifically, the consumer was not advised that she had a right to dispute the debt with those entities and upon her dispute, verification would be required until such time as any further communication would be had.

30. Defendants violated § 1692e and §1692e(11) by using false and deceptive means in connection with the collection of the debt, namely, by failing to give a proper 30 day notice and falsely implying the authority and role of the debt collector.

## AS AND FOR A SECOND CAUSE OF ACTION

31.     Plaintiff re-alleges and incorporates all the foregoing paragraphs as if set forth fully herein.

32.     Defendant's conduct consists of unfair or deceptive acts or practices within the meaning of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a *et seq*.

7

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment as follows:

a)      Declaring that this action is properly maintainable as a class action for the State of Connecticut and certifying Plaintiff as Class representative;

b)      Awarding Plaintiff and the Class statutory damages;

c)      Awarding Plaintiff and the Class costs of this action, including reasonable attorneys' fees and expenses; and

d)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


Dated: Cedarhurst, New York
        July 22, 2010


Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

# EXHIBIT A



**TITANIUM SOLUTIONS INC.**
5225 W Wiley Post Way, Ste 150
Salt Lake City UT 84116

800.322.4432 Office
800.4.0.6479 Fax
800.569.1733 toll free
Hours of Operation 8:00 am to 7:00 pm MST

titanium-ti-ti-americax.com
www.titaniumamericax.com

*Opening doors to preserve home ownership*

12/1/2009

CHANA HECHT

<span style="background:black">████████████</span>
NORWALK, CT <span style="background:black">█████</span>

Servicer:   Bank of America
Loan#:      HELO- <span style="background:black">█████</span>
Re:         <span style="background:black">███████████</span>
            NORWALK, CT <span style="background:black">█████</span>

Dear CHANA HECHT:

Titanium Solutions is contacting you on behalf of Bank of America to inform you of possible options to preserve your homeownership. One of our consultants will be contacting you soon to:

- Set up an interview to better understand your financial situation.
- Assist you in submitting the enclosed Financial Information Form to Bank of America, along with the pay stubs and/or bank statements requested by Bank of America.

Please note that Titanium Solutions is not involved in collecting any of the amounts due under your loan, and Titanium will not charge you, or accept from you, any fee or money for its services. Please be aware that neither Titanium nor our consultant has any authority to modify your loan or contractually bind Bank of America. You will have to do that directly with Bank of America.

**Please see the attached Addendum to this letter, which provides important information about your debt, your rights, and our services.**

We hope that you will take advantage of working with us. The enclosed brochure, "Working Together to Help Homeowners Preserve Homeownership," provides more information on what you can do to avoid losing your home.

Titanium Solutions and Bank of America hope that this program results in a mutually positive experience for everyone. If you have any questions, please don't hesitate to call us at 866-574-3744 You can also call Bank of America at 866-622-0774 .

Sincerely,

Titanium Solutions, Inc,

By: *[signature]*

**Addendum**

**Important Information About Your Debt, Your Rights, and Our Services**

**Your Servicer has requested our company, Titanium Solutions, to contact you because of certain overdue payments on your Loan.**

It is our task to work together with you and your Servicer to find a way, if possible, for you to keep your home and to avoid further problems, which may lead to foreclosure.

To provide this assistance, we must collect information from you to analyze your current financial position. The "Financial Information Form" is to be filled out by you. The form may be given to our rep or returned to us using the enclosed prepaid envelope. Our rep also has been trained to discuss the Form with you and would be pleased to help you complete it if you prefer.

It is our goal at Titanium Solutions, and Bank of America's, that this be a good, positive and helpful discussion. For your discussions with Bank of America to be as helpful as possible, you should enclose or have available to you the following additional documents: (1) your most recent pay stub(s); (2) your most recent Federal Income Tax Return; and/or (3) your most recent bank statement. This information will help Bank of America better understand your current financial situation and your difficulties in making your loan payments.

**Please note that this is an attempt to collect a debt and any information obtained will be used for that purpose.**

Your Servicer has told us that, as of the date of this letter, you owe ▉▉▉▉ Because the interest, late charges, attorney's fees and the costs of repossession and foreclosure due in connection with your loan may continue to grow, the amount due on the day you pay may be greater. (You may contact Bank of America, at 866-622-0774 to obtain the exact amount due on the date of payment.) This is also why it is so important that you discuss your situation and your options with us or Bank of Americaas soon as possible.

Please also be advised that with respect to communications with Titanium, you may have certain rights discussed below in bold type.

Unless you notify this office in writing within thirty days after receiving this letter that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within such thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you, if applicable, and mail such verification or a copy of a judgment to you. Also, if you make your written request within the thirty-day period, we will provide you with the name and address of the original creditor, i f different from the current creditor.

If at anytime you notify us in writing that you wish us to cease contact by telephone or at your place of employment, then no such further contact shall be made. In addition, if at anytime you notify us in writing that you refuse to pay the debt or that you wish us to cease any further communication with you with respect to such debt, we will not communicate with you further except (1) to advise you our efforts are being terminated, or (2) to notify you that we may invoke or intend to invoke specific legal remedies.

You also may have rights under your state law and you should inform yourself about these rights.



# **EXHIBIT B**



**TITANIUM SOLUTIONS INC**
5225 W Wiley Post Way, Ste 150
Salt Lake City, UT 84116

800.430.9479 Fax
866-574-3744 Toll Free
Hours of Operation 8:00 am to 7pm EST

titaniuminfo@titaniuminc.com
www.titaniuminc.com

*Opening doors to preserve home ownership*

12/01/2009

CHANA HECHT

▇▇▇▇▇▇
NORWALK, CT ▇▇▇▇▇

Servicer: Bank Of America
Loan#:   HELO-▇▇▇▇▇▇▇
Re:       ▇▇▇▇▇▇▇▇▇▇
          NORWALK, CT ▇▇▇▇▇

Dear CHANA HECHT:

Titanium Solutions is contacting you on behalf of Bank Of America to inform you of possible options to preserve your homeownership.  One of our consultants will be contacting you soon to:

- Set up an interview to better understand your financial situation.

- Assist you in completing a phone call back into Bank Of America at 866-622-0774.

Please note that Titanium Solutions is not involved in collecting any of the amounts due under your loan, and Titanium will not charge you, or accept from you, any fee or money for its services.   Please be aware that neither Titanium nor our consultant has any authority to modify your loan or contractually bind Bank Of America. You will have to do that directly with Bank Of America.

**Please see the attached Addendum to this letter, which provides important information about your debt, your rights, and our services.**

We hope that you will take advantage of working with us.  The enclosed brochure, "Working Together to Help Homeowners Preserve Homeownership," provides more information on what you can do to avoid losing your home.

Titanium Solutions and Bank Of America hope that this program results in a mutually positive experience for everyone.  If you have any questions, please don't hesitate to call us at 866-574-3744.  You can also call Bank Of America at 866-622-0774.

Sincerely,

Titanium Solutions, Inc.,
as an independent agent for your Servicer

By: 

# **EXHIBIT C**



**TITANIUM** SOLUTIONS

Name
DAVID KINYON

Local Phone Number
203-247-0337

Email
KINYOND@RAVEISRE.COM

General Offices
4226 Wiley Post Way
Suite 150
Salt Lake City, UT 84116
800.600.1733 Toll Free
titanium@titaniuminc.com